**BOARD OF EDUCATION OF the BOROUGH OF CHATHAM**

v.

**LUMBERMENS MUTUAL CASUALTY COMPANY, Appellant.**

**No. 17871.**

United States Court of Appeals
Third Circuit.

Argued Nov. 17, 1969.

Decided Dec. 4, 1969.

Rehearing Denied Jan. 14, 1970.

Arthur J. Blake, Lamb, Blake, Hutchinson & Dunne, Jersey City, N. J. (H. Curtis Meanor, William J. Cleary, Jr., Jersey City, N. J., on the brief), for appellant.

H. Frank Pettit, Pettit, Carolton & Higgins, Westfield, N. J., for appellee.

Before HASTIE, Chief Judge, and VAN DUSEN and ADAMS, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

This is an action by the Board of Education of the Borough of Chatham to recover $135,140 from Lumbermens Mutual Casualty Company. The Board was insured by the Casualty Company under a $200,000 policy which protected against any judgment recovered against the insured by reason of any negligence on its part or on the part of any of its employees. Suit was brought in the Superior Court of New Jersey against the Board and one of its teachers by Stanley

Miller and his parents, based on serious injuries sustained by the Miller boy during a gym class. In the action, at which Judge Mills presided, a jury found the teacher negligent, and awarded Stanley Miller $1,180,000 and his parents $35,140. On defendants' motion for a new trial, Judge Mills sustained the parents' award and reduced that of the boy to $300,000,[1] which the Millers accepted when the parties waived their right to appeal. The Board then sued the Casualty Company in the New Jersey District Court, on the grounds of diversity, for the amount of the judgment in excess of its policy coverage, claiming the Casualty Company failed to make a good faith effort to settle the case within the policy limits. Judge Wortendyke, sitting without a jury, decided in favor of the Board.

We affirm the decision of the District Court on the opinion of Judge Wortendyke. 293 F.Supp. 541 (D.N.J.1968).

In the factual presentation in appellant's brief and oral argument, appellant alleged error in several findings of fact included in Judge Wortendyke's opinion. We shall consider these points seriatim.

Appellant contends that the trial court incorrectly stated that Lumbermens Mutual Casualty Company suggested the Board consider settlement "of the *probable* excess over the policy coverage * * *" (emphasis added), 293 F. Supp. at 548, whereas the Company never admitted there was *probable,* as opposed to *possible,* excess policy coverage problems. The use of the word "probable" was undoubtedly an inadvertent error. That Judge Wortendyke was aware of the precise language used by the Company is made clear by his earlier reference to the actual letter sent by the Com-

pany. 293 F.Supp. at 546–547. In any event, there is no indication that the Court below attached any significance to the word "probable" in reaching its ultimate conclusion.

The appellant also takes issue with Judge Wortendyke's statement that Judge Mills "suggested" to the Casualty Company representatives during a settlement conference that they offer $150,000 to settle the case. 293 F.Supp. at 550. Although the record clearly shows Judge Mills did not suggest or recommend the case be settled for $150,000, the record does make it clear Judge Mills advised the Casualty Company the plaintiffs would accept $150,000 and the Company's representatives were definitely aware that the plaintiffs were willing to do so.

The appellant further suggests Judge Wortendyke incorrectly stated that Judge Mills "expressly recognized the probability that a verdict might be expected in excess of $100,000". 293 F. Supp. at 551. Although we find no evidence in the record of this recognition by Judge Mills, we do not deem this error significant to Judge Wortendyke's determination of the case. The Company itself was aware that the case was worth this amount since the Company authorized a settlement of $100,000—an offer which was never communicated to the plaintiffs or their counsel. This authorization, when coupled with the Company's knowledge that the plaintiffs would settle for $150,000, was crucial in Judge Wortendyke's decision regarding the lack of good faith of appellant in failing to settle the case within the policy limits.[2]

The judgment of the United States District Court for New Jersey will be affirmed.

---

1. Miller v. Cloidt. No. L-7241-62 (N.J. Sup.Ct.Law Div. Morris County; Oct. 31, 1964).

2. For a similar recent case *see* Brockstein v. Nationwide Mutual Insurance Co., 417 F.2d 703 (2d Cir. 1969).